## THE LIEN OF INCHOATE DOWER UPON LAND.

### JEWETT v. FELDHEISER.

Decided, June 16, 1903—68 Ohio State, p. 523.

*Inchoate Dower of Wife—Not a Lien on Husband's land—Sale of Land by Judgment Creditor—Does not Bar Dower of Wife—Judgment by Court in Favor of Mortgagee Against Husband—Does not Affect Wife's Interest, When—Purchaser at Sheriff's Sale not Subrogated to Mortgagee's Rights, When—Statute of Limitations—Law of Dower.*

1. The inchoate dower of the wife is not a lien upon the land of the husband, but is an interest in it.

2. A sale of land at the suit of a judgment creditor of the husband, brought to marshal liens, does not have the effect to bar or foreclose the inchoate dower of the wife.

3. The rule is not different although the wife is made a party to the creditor's suit and is in default of answer when the judgment ordering a sale is entered and the sale is made, and although a mortgagee, in whose mortgage the wife has joined releasing dower is also made defendant, but is in default at the time the judgment is rendered and the sale is made.

4. The filing after sale of an answer by the mortgagee setting up his mortgage (not followed by summons), and a finding and judgment by the court on the mortgage against the husband and ordering a sale of the premises in default of payment by him, but not followed by a sale or the issuing of an order of sale, will not affect the interest of the wife in the land, although the purchase money is in part applied on the mortgage debt.

5. The purchaser at the sheriff's sale, not being in privity with the mortgage, is not entitled to be subrogated to any supposed rights of the mortgagee. A further fact in the case negatives the claim of subrogation, viz., That more than twenty-one years having elapsed after the rendition of the judgments, and the sale and distribution of proceeds, any such supposed right of the mortgagee is barred by the statute of limitations.

6. In such case the wife is not required to redeem the mortgage and is entitled to dower.

Error to the Circuit Court of Mercer County.

The facts are sufficiently stated in the opinion.

J. D. Johnson, for plaintiff in error.

A. D. Marsh and John W. Loree, for defendant in error.

SPEAR, J.; BURKET, C. J., DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The action below was brought July 28, 1899, by plaintiff in error, Augusta N. Jewett, against Cora B. Feldheiser, defendant in error, for dower, and the disposition of the case depends upon the application of the proper rule of law to the facts found by the circuit court, which, while somewhat voluminous, may be epitomized as follows:

Augusta N. Jewett is the widow of Adams Jewett, deceased, who died January 19, 1899, and who, at the date hereinafter named, was the owner of the land in which dower is claimed. Cora B. Feldheiser is now the owner and was at the commencement of the action below, having inherited the same from her father, who purchased it at the judicial sale hereinafter mentioned.

At the July Term, 1875, of the Common Pleas of Mercer, a suit was pending wherein English, Miller & Company were plaintiffs and Adams Jewett, Augusta N. Jewett, Claypool & Wilson, and Wilkinson & Evans were defendants, the object of which was to foreclose a mortgage held by plaintiffs upon the land in suit, which had been executed by Adams Jewett and Augusta N. Jewett, the latter releasing her dower. Claypool & Wilson and Wilkinson & Evans were the holders of like mortgages. Claypool & Wilson answered, but the other defendants were in default. The court thereupon found the amount of $1,214.18 due the plaintiffs; that the same was a lien upon the lands described, and thereupon rendered judgment that the "plaintiffs recover of the defendant,

Adams Jewett, the sum of $1,214.18, the sum found due as aforesaid, and also their costs taxed." A like finding and judgment was had in favor of Claypool & Wilson, mortgagees. It was further ordered and adjudged that in case the said defendant failed for ten days to pay the several sums so found due that an order of sale issue to the sheriff "commanding him to cause the lands and tenements in the petition described to be appraised, advertised and sold according to law, and apply the proceeds of said sale in satisfaction of the sums so found due with costs." No further proceedings seem to have been had in the case, and no execution or order of sale was ever issued.

On June 5, 1875, the firm of Menderson & Frohman, creditors of Adams Jewett, having a judgment which was a lien upon his lands, filed in the common pleas a petition to marshal liens, and caused to be made parties defendant Adams Jewett, the husband, and the present plaintiff in error, his wife; also the said English, Miller & Company, Claypool & Wilson, and Wilkinson & Evans, mortgagees, and certain others who were judgment creditors. Such further proceedings were had on the petition of the plaintiffs that the real estate was sold by the sheriff September 11, 1875, under an order of sale issued in the case. At this time all the defendants were in default for answer. On September 14, 1875, the defendants English, Miller & Company, and Claypool & Wilson filed answers, each pleading the mortgage, but it does not appear that either pleaded the adjudication against Adams Jewett hereinbefore recited. November 8 following, Wilkinson & Evans, mortgagees, answered setting up their mortgage. Neither defendant caused the wife to be made party to the answer and cross-petition, nor did either cause the issue or service of summons upon her, nor had she any notice of any kind of their answers and cross-petitions unless the service of summons upon her by the plaintiffs, Menderson & Frohman, was such notice. The wife had knowledge that the lands were sold and supposed the proceeds were distributed, but had been advised and believed that her dower interest was not affected by the sale. A decree for English, Miller & Company on their mortgage followed, finding the amount due them with costs, and that the same was a lien from February 22, 1875. A like decree was also rendered for Claypool & Wilson on their mortgage, and for Wilkinson & Evans finding the amount due them; that their

mortgage became a lien March 26, 1875, and rendering a judgment in their favor and against Adams Jewett for the sum found. But no decree was taken respecting the claim of either one against Augusta N. Jewett, nor was she mentioned in either decree.

No execution or order of sale was ever issued on any of the judgments, orders or decrees, other than on the decree issued to Menderson & Frohman, June, 1875, under which the land was sold. No payment was made on any of the judgments since December, 1875, and at the time the action for dower was commenced more than twenty-one years had elapsed since the judgments, orders and decrees were entered. From the proceeds of the sale the English, Miller & Company mortgage was paid in full; a small balance remained due to Claypool & Wilson and to Wilkinson & Evans. The mortgages were canceled of record by order of the court of common pleas. Plaintiff did not redeem or attempt to redeem the mortgages.

The answer in the case at bar, after stating the facts, the material portions of which have been given, contains two averments which deserve special notice because the proper disposition of the points made will dispose of the case. One is that, in the action of English, Miller & Company against Adams Jewett et al, those plaintiffs and Claypool & Wilson "duly obtained by the consideration of said court, an order foreclosing said Adams Jewett's and plaintiff's equity of redemption in and to said lands in the petition described." Another is that plaintiff is estopped from claiming dower in the lands; and then follows a prayer that plaintiff's petition be dismissed and that defendant may be subrogated to all the rights of the lienholders whose claims were paid from the purchase money realized at the sale.

It is true that in the findings of fact there is a statement that the mortgages mentioned were foreclosed in that action, but the same finding states that no execution nor order of sale was ever issued in that case, and then is given a copy of what is stated to be the only entry, judgment, order or decree made, and that entry embraces the facts hereinbefore stated, showing the form of the judgment and that it in no way purports or attempts to adjudicate any right in the land of Augusta N. Jewett. It is contended that, though the word "defendant" is used in the decree, the term necessarily means defendants, which would include the wife. The singular will be held to include the plural where the sense requires

it (Section 23, Revised Statutes), but we think that construction not admissible here. The judgment in each instance is against Adams Jewett alone; "recover of the defendant Adams Jewett" is the language; and then follows the order that in case "the said defendant fail for ten days" to pay, etc., an order issue to the sheriff commanding him to cause the lands to be sold according to law.

Whether or not a given proceeding results in foreclosure is, we presume, a mixed question of law and fact, and if the facts given show that there was no foreclosure, the finding that there was must be treated as a mere conclusion of law.

This is admittedly a decree of foreclosure as to the husband, but how can it be claimed to be such as to the wife? But if this were otherwise it could hardly aid defendant's contention. In considering the case at bar we are concerned only with the legal effect of the proceedings in the case instituted by Menderson & Frohman. In that suit neither English, Miller & Co. nor Claypool & Wilson, mortgagees, declared upon their judgments, but the finding as to each is that "they pleaded their mortgage." The question, therefore, whether or not mortgages, or any of them had been previously foreclosed was not in the case. Nor is it of consequence that they might have raised that issue. The question is not what issue the parties might have tendered, but what issue they did in fact tender. It follows, therefore, that the first allegation of the answer is an immaterial averment.

Is the plaintiff estopped by the proceedings in the case of *Menderson & Frohman* v. *Jewett et al?* These plaintiffs were judgment creditors only. They had no claim of any sort against the wife. The object of their suit, as the finding declares, was "to marshal liens." Mrs. Jewett's interest was not a lien upon but a right in the land, upon which the plaintiffs' judgment was not a lien. Hence, the plaintiffs having no claim upon her and she no lien to marshal, Mrs. Jewett was not a necessary party, nor even a proper party to their petition. Nor does the petition make any claim against her. The only mention of her is that she "is the wife of Adams Jewett and has together with her said husband executed mortgages to some of said defendants on portions of said real estate," but to whom, or in what amount, or upon what portions, or whether anything remained due, is not averred, nor is any relief against her sought. It is difficult to see how, upon that petition,

the court could have jurisdiction to foreclose the mortgages on the dower right simply because the mortgagee parties had liens on the premises sought to be sold. *Spoors* v. *Coen,* 44 Ohio St., 497. No one but a mortgagee could invoke the aid of the court to foreclose on the dower interest. *Lewis* v. *Smith,* 9 N. Y., 502. Manifestly, upon such pleading there could be no valid judgment rendered by the court against the wife affecting her inchoate dower in the land; nor was any such judgment attempted to be rendered. The court proceeds to find the amount due the plaintiffs, Menderson & Frohman, and that their judgment is a lien on the land. Then follow like findings and judgments in favor of other judgment creditors, and then an order that the sheriff proceed to cause the lands to be appraised, advertised, and sold according to law, and bring the proceeds into court to await its further order. A "sale according to law" would seem to be such a sale as the plaintiffs and the other judgment creditor defendants had the right to demand. That means a sale of the interest their debtor had in the land. How could it mean anything more than that? Had the proceeding stopped there, or with a distribution among those judgment creditors, would any one claim that the interest of the wife in the land had been in the least affected? Surely not. It is urged that, inasmuch as there is no provision of statute for appraising lands subject to any lien or possible incumbrance, but the appraisal is required always to be at its true value in money, that any sale in a proceeding in which the wife is a party must necessarily include her inchoate dower right. This view entirely ignores the settled rule of law that a judgment creditor of the husband only has no claim upon the wife's dower interest, and can not, by any process, subject it to his debt. 1 Scribner on Dower, 553. If this conclusion is correct and the sale actually made embraced only the husband's interest in the land, it follows that the wife had no interest in the proceeds arising from the sale, and had no duty to perform respecting the matter of distribution. Her interest in the land not having been sold why might she not with entire confidence reply on the advice given her by counsel and rest in the belief "that her dower interest was not affected by said sale?" What would have been the effect upon her interests if the mortgage creditors, who were in default at the time the sheriff's sale was made, had, upon filing their answers, caused summons to issue against her and thus required her to answer their claims, and expecially had they

demanded a resale including the dower right, we need not inquire, for no such steps were taken. We think it vain to urge that the wife had notice of the claims of the mortgagees, as set forth in their answers and cross-petitions, simply because of the summons issued by the plaintiff, and that her dower right was necessarily involved and thus foreclosed. At the time the Menderson & Frohman judgment was taken, and at the time of the sale, there was no pleading which made any case against her, or which she was required to answer. Furthermore, if she was not a necessary party in the Menderson & Frohman suit, as we have found, or a real party in interest, upon what principle was she bound to take notice of the demands of other persons who, although they had been made parties, had set up no claim against her? We know of none. Waiving the question whether the answers and cross-petitions embraced "matters in question in the petition," the fact remains that no judgment or decree was at any time taken affecting the question of dower. Findings and judgments against the husband in the case in which English, Miller & Company were plaintiffs were had on the several mortgages, but none against the wife, or touching her dower right. But if this be not a sufficient answer, the further facts remain that no sale, or attempt at sale, was made upon those judgments. In short she was not barred of her dower right by the decree in favor of the judgment creditors, because they had no claim upon that right; nor by the sale by the sheriff or his deed, because he could not sell or convey more than the judgment creditors had to sell; nor by the judgments in favor of the mortgagees on their answers and cross-petitions, because she was not included in such judgments; and further, because a sale of the land had already been made which did not embrace her inchoate dower. In substance the only matter remaining undisposed of was an order for distribution of the money. And, as we have already seen, the wife was not interested in that issue because her property had in no manner helped to swell the fund. What might be done with the money was no concern of hers. She could not, therefore, be estopped by reason of anything that she did or failed to do with respect to that matter and her silence could not be construed as a giving away of her rights. The rule of *caveat emptor* applied to the purchaser at the sale. It was for him to see what title he might acquire by

the sheriff's deed.  *Mechanics' S. & B. L. Ass'n* v. *O'Conner,* 29 Ohio St., 651.

Nor was there any duty incumbent upon the plaintiff to redeem the mortgages.  The statute of limitations barred them before the beginning of her suit for dower.  The same facts stand in the way of subrogation.  There is now no claim existing to which subrogation can attach.  But, in addition to this, the purchaser was in no sense in privity with the mortgages.  He bought at a sale upon a decree which did not undertake to affect the mortgages. *Barker* v. *Parker,* 17 Mass., 564.  Nor does the statute as to subrogation aid the claim.  It is provided by Section 5410, that:

"If, upon the sale of property on execution, the title of the purchaser is invalid by a reason of a defect in the proceedings, the purchaser may be subrogated," etc.

Here the proceedings are regular.  The sheriff's deed conveyed all the judgment creditors had to sell.

The case at bar is much like *Taylor* v. *Fowler,* 18 Ohio, 567, and the principle there decided is directly applicable.  That decision is put upon this ground:

"If the defendant had been a purchaser under the decree of foreclosure, he would so far have connected himself with the mortgage as to have protection against the dower claim; but, inasmuch as he was a purchaser under an ordinary judgment, he is in no way connected with the mortgage, and can derive no protection from it."

The precise situation is not present in any reported case in this state, but our conclusion is consistent not only with the case above cited, but with the holding in the following cases, to which attention is here directed, viz.:  *Carter* v. *Goodin,* 3 Ohio St., 76; *Kitzmiller* v. *Van Rensselaer,* 10 Ohio St., 63; *McArthur* v. *Franklin,* 15 Ohio St., 485, and *McArthur* v. *Franklin,* 16 Ohio St., 193; *Parmenter* v. *Binkley,* 28 Ohio St., 32; *Ketchum* v. *Shaw,* 28 Ohio St., 503; *Mandel* v. *McClave,* 46 Ohio St., 407.

It follows that the judgment below denying dower to the plaintiff was erroneous.  It will be reversed and the cause remanded.

*Reversed.*