Kaufman v. Heckman.

## DOWER—MORTGAGES—PROCESS.

[Wayne (5th) Circuit Court, February Term, 1908.]

Craine, Taggart and Donahue, JJ.

\*SUSAN KAUFMAN v. HENRY B. HECKMAN.

1. WIFE OF MORTGAGOR NOT BOUND TO REDEEM ON FORECLOSURE, WHEN DOWER INTEREST NOT NECESSARY TO SATISFY MORTGAGE.

　　The inchoate dower of a wife is not a lien upon the land of her husband, but an interest in it, and when not necessary to satisfy a mortgage in which the wife joins to release such dower, she is not bound to redeem the mortgage on foreclosure to preserve her dower.

2. ON FORECLOSURE ON CROSS PETITION IN SUIT TO MARSHAL LIENS, DOWER OF WIFE OF MORTGAGOR NOT BARRED UNLESS SUMMONS ISSUES ON CROSS PETITION.

　　When in a suit by a judgment creditor to marshal liens a summons is issued and served on the wife of the judgment debtor who had joined with her husband in the execution of a mortgage, and the mortgagee who was made a party, by cross petition filed after his rule day for answer, asks foreclosure of his mortgage and sale of mortgaged premises but no summons was issued on the cross petition and served on such wife, the sale of such premises under the cross petition does not bar the inchoate dower of the wife in the premises.

[Syllabus approved by the court.]

APPEAL from common pleas court.

*W. L. Spooner,* for plaintiff.
*Weygandt & Weiser,* for defendant.

## TAGGART, J.

　　The plaintiff filed her petition for dower, the averments of which are very brief. She avers that on or about April 19, 1870, she was married to one, Thomas Kaufman, who, on or about March 26, 1907, died leaving plaintiff as his widow, and that during coverture he was seized of the premises described in the petition, and that defendant is the owner of said premises.

　　The defendant admits the marriage, admits the death, admits that he is the owner and in possession of the property; but denies that plaintiff is entitled to dower in the lands; and avers that during the lifetime of the said Thomas Kaufman the plain-

---

\*Affirmed, no op., *Heckman* v. *Kaufman,* 82 O. S. 453.

Wayne County.

tiff was barred of dower in said lands. He then proceeds to say that on October 6, 1877, the plaintiff, with her husband, joined in a mortgage duly acknowledged, executed and delivered to one Daniel Hiner, and thereby conveyed to the said Daniel Hiner by said mortgage deed the lands in the petition described. That said mortgage was duly recorded in the office of the recorder in Wayne county, Ohio, on October 6, 1877. That said mortgage had written therein a condition of defeasance conditioned that the said Thomas Kaufman should pay and protect the said mortgagee, Daniel Hiner, from liability as in said deed stipulated, and upon failure to so do that said mortgage should become absolute.

Defendant further avers that one Warren Aylesworth by the consideration of the court of common pleas of Wayne county, Ohio, duly recovered a judgment against the said Thomas Kaufman, and caused an execution to be issued and the same was levied upon the lands in the petition described.

That thereafter, to-wit, on November 20, 1877, said Warren Aylesworth filed his petition in the court of common pleas of Wayne county, Ohio, said Thomas Kaufman and plaintiff herein, together with other numerous persons were the defendants; the object, purpose and prayer of the petition of the said Warren Aylesworth being the marshaling of the various liens, either by judgment or otherwise, upon the lands of said Thomas Kaufman and subjecting them to sale in satisfaction of the liens thereon.

That in said cause the plaintiff herein was duly notified by service of summons of the pendency of such action and thereby had due notice of the claim of said Daniel Hiner by way of mortgage lien upon the lands in the petition described, and had due notice of the pendency of such action and that the sale necessarily affected her inchoate right of dower in and to said premises.

The answer then proceeds to say that the said Daniel Hiner was made a party defendant in said suit, and was duly served with process, requiring him to appear and answer therein setting up his claim in and to the lands in question.

The defendant avers that thereafter in the proceedings in

Kaufman v. Heckman.

the court of common pleas there was a decree of foreclosure in said cause foreclosing the mortgage of said Hiner and foreclosing the equity of redemption of said Thomas Kaufman and Susan Kaufman, and which decree further provided that unless the said Thomas Kaufman and Susan Kaufman should within one day from the entry of said decree pay or cause to be paid the amount found due said mortgagee, Hiner, the equity of redemption be foreclosed and the lands in the petition described should be sold by the sheriff of Wayne county, Ohio, in satisfaction thereof. That such sale was by the sheriff duly made, and that one, Zimmerman, became the purchaser of the lands in the petition described. He further avers that out of the proceeds of such sale, which included the interest of the plaintiff herein, the indebtedness to said Hiner on his said mortgage was ordered by the court to be paid, and the same was paid out of said proceeds. And that in consequence of that proceeding the plaintiff became and was barred of her inchoate right of dower.

To this answer a general demurrer is filed, and it is submitted upon this general demurrer. Now, briefly summarized, this case presents the following legal proposition. Thomas Kaufman was seized of these lands, Susan Kaufman was his wife. Warren Aylesworth was a judgment creditor of Thomas Kaufman, and brought proceedings to marshal liens, but so far as this case is concerned it simply avers that it was brought to subject the lands of Thomas Kaufman to sale for the satisfaction of the liens that were upon them created by Thomas Kaufman. This petition does not aver that it was necessary, or brought to subject any interest which Mrs. Kaufman might have in this property. That is to say, the petition does not aver that a complete sale of the premises cannot be had, nor any averment in that petition that it was necessary to sell the entire estate for the satisfaction of these claims.

Therefore, the majority of the court think the legal propositions involved are controlled by the case of *Jewett* v. *Feldheiser*, 68 Ohio St. 523 [67 N. E. Rep. 1072], and *Southward* v. *Jamison*, 66 Ohio St. 290 [64 N. E. Rep. 135]. The former case controls this case thus far: "The inchoate dower of the wife is not a lien upon the land of the husband, but is an interest in it."

Wayne County.

Susan Kaufman had an inchoate right of dower in this land, an interest in the land.

As I have indicated, this answer simply states that this suit was brought by a judgment creditor to marshal liens, but there was no proper or sufficient averment in that petition that it was brought for the purpose of affecting or barring by foreclosure the inchoate dower of the wife.

This case is very decisive as to the duty of the wife to redeem. It says that in cases of this kind a wife is not entitled to or required to redeem a mortgage so as to be entitled to dower.

In the further analysis of this answer we find that there is no averment that we can construe as an averment that there was a summons issued on that cross petition. There is an averment in this answer about which the court is somewhat in doubt, "that in such cause the said plaintiff herein was duly notified by service of summons of the pendency of said action and thereby had due notice of the claim of said Daniel Hiner." But in the argument of this case we understand counsel do not claim that this averment in the answer is broad enough to indicate that a summons was issued on the cross petition of Hiner, and inform us that such was not the case, and that Hiner's cross petition was filed some fifteen days after rule day for answer to the petition. We think the true construction of this language is, that simply a summons was issued on the petition of Aylesworth. And it is then claimed that therefore Susan Kaufman had due notice of the claim of Daniel Hiner.

*Southward* v. *Jamison, supra,* page 290, says:

"So long as a cross petition in an action is strictly confined to 'matters in question in the petition' the summons issued on the petition would be sufficient notice to sustain a judgment rendered on the cross petition; but when the cross petition sets up matters which are not drawn 'in question in the petition,' and seeks affirmative relief against a codefendant, of a nature different from that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross petition, especially when the cross petition is filed after the defendant thereto is in

Kaufman v. Heckman.

default for answer to the petition, and a summons on the cross petition in such case is necessary.''

This action that is set up in the answer here, being simply for the marshaling of liens upon Thomas Kaufman's land, the cross petition that was filed by Daniel Hiner would, so far as the husband was concerned, be ''matters in question in the petition,'' because the ''matters in question in the petition'' was the sale of the husband's land. And the majority of the court do not believe that with that petition filed that the sale of the wife's interest in that land would be matters germain, but on the contrary the matters that would be set out by Daniel Hiner in his cross petition averring the execution and delivery of this mortgage, and that they were in default thereof, and that he was entitled to forclosure and sale of these premises would not be brought in question by the averment in that petition, and would be of a nature different from that set out in the petition, but that to bind her a summons on the cross petition would have to be issued and served; and that if a judgment was taken upon that cross petition while it might be a valid judgment against the husband, yet it would not be valid as against the wife, and consequently her inchoate right of dower would not be barred. As reflecting upon the opinion and belief of the majority of the court, and as to the sufficiency of this answer we call attention to the case of Spoors v. Coen, 44 Ohio St. 497, 502 [9 N. E. Rep. 132] :

''But a judgment rendered by a court of competent jurisdiction in a case brought before it, however erroneously the jurisdiction may have been exercised, is one thing, and a judgment entered by a court of like jurisdiction in a case not before it, is another and a different thing. In the one case its judgment may be erroneous, in the other it is void. To bring a cause before a court, competent to adjudicate it, it is not only necessary that the parties should be in jus vocatio, cited or summoned in the manner required by the law of procedure, but a case must also be made, or stated, affecting the party against whom relief is asked. The power to hear and determine a cause is defined to be jurisdiction. Freeman, Judgments Sec. 118. And, to use the language of Ranney, J., in Sheldon v. Newton,

30 Ohio St. 494: 'It is *coram judice* whenever a case is presented that brings this power into action.' 'But,' he adds, 'before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; *that such complaint has actually been preferred;* and that such person or thing has been properly brought before the tribunal to answer the charge therein contained.' The italics are our own, to call attention to the clause applicable to the question in the case before us.''

We think that there was nothing in the case of Aylesworth against Kaufman which is sought to be set up in this answer which called upon Mrs. Kaufman to answer that petition, and unless there was a summons issued upon that cross petition that she would not be concluded by any judgment that was in the case. In the opinion of the majority of this court the demurrer to the answer will be sustained, and leave given to file an amended answer within sixty days, and exceptions.

Craine, J., concurs.

Donahue, J., dissents.