*Susan Kaufman v. Henry B. Heckman.

1. Judgment Creditor of Husband Making Wife Party without Seeking Relief and Mortgagee Foreclosing Mortgage without Making Her Party do not Affect Her Equities Therein.

Where the judgment creditor of a husband brings an action to marshal liens and sell the real estate of the husband, summoning the wife, but seeking no relief against her; and a mortgagee is also made a party defendant, and files a cross petition asking for a sale of the property, but issues no summons for the wife, who signed the mortgage, but who in no way enters her appearance, or participates in the proceeding; and a decree is entered

---

*Affirmed, no op., *Heckman* v. *Kaufman*, 82 O. S. 453.

ordering a sale of the property under the judgment creditor's petition and the mortgagee's cross petition, which is accordingly done, the wife's equity of redemption is not .foreclosed, nor are her rights in the real estate extinguished.

2. Wife's Dower may be Set Off to Her upon Husband's Death after Sale of Property.

Where, after the sale of the property, the husband dies and the mortgagee's claim has been barred by the statute of limitation, the wife may, without redeeming, assert her right of dower in said property and have the same set off to her.

[Syllabus by the court.]

Appeal from common pleas court.

*M. L. Spooner*, for plaintiff.
*Weiser & Ross* and *J. B. Taylor*, for defendant.

## CRAINE, J.

One Aylesworth, a judgment creditor of Thomas Kaufman, brought an action in the court of common pleas of Wayne county, Ohio, for the purpose of marshaling liens and selling the real estate of Thomas Kaufman, and in such proceeding made the plaintiff herein a party defendant and served her with summons, but asked no affirmative relief against her. One Hiner, a mortgagee, whose mortgage had been signed by Thomas Kaufman and the plaintiff, was made a party defendant in said proceeding, and filed a cross petition in which he asked that Thomas Kaufman's and plaintiff's equity of redemption be foreclosed, and that the property be sold under his cross petition; but said Hiner did not make the plaintiff a party to his cross petition, nor did he have any summons served upon her, nor did she in any way enter her appearance in the case, or participate in said proceedings.

A decree was entered directing that the property be sold under the petition of Aylesworth and the cross petition of Hiner, which was accordingly done, and the purchaser put in possession of the property. Fifteen years having expired from the time the mortgage debt became due, and Thomas Kaufman having died, the plaintiff in this action brought suit in the court of common pleas against the defendant, Henry B. Heckman (who in the meantime had purchased the property), asking that her right of dower in the real estate be set off to her, and the court

Wayne County.

of common pleas having found in her favor, an appeal was taken to this court, where the case was presented on an agreed statement of facts, substantially as above set forth.

The defendant claims: first, that the plaintiff's right of dower was barred by the original action in the court of common pleas, brought by Aylesworth against Kaufman, et al.; and second, that even if her right of dower was not so barred, her remedy is by redemption.

A majority of this court is of the opinion that the defendant is wrong in both propositions.

Whilst in the original case the plaintiff in this action was served with a summons issued on the petition of Aylesworth, that summons simply notified her that Aylesworth had brought suit to sell the husband's interest in the real estate. Aylesworth had no claim against her interest in the real estate, nor was he trying to sell the same; hence, so far as that summons was concerned, there was nothing for her to answer to, and no cause for her appearance in court. Nothing in the record indicates that she even knew that Hiner had filed a cross petition, or that he was claiming anything against her rights. The sole question in the case then is, was she bound to take notice of the cross petition of Hiner?

In *Southward* v. *Jamison*, 66 Ohio St. 290 [64 N. E. Rep. 135], the first paragraph of the syllabus reads as follows:

"So long as a cross petition in an action is strictly confined to 'matters in question in the petition,' the summons issued on the petition would be sufficient notice to sustain a judgment rendered on the cross petition; but when the cross petition sets up matters which are not drawn 'in question in the petition,' and seeks affirmative relief against a codefendant, of a nature different from that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross petition, especially when the cross petition is filed after the defendant thereto is in default for answer to the petition, and a summons on the cross petition in such case is necessary."

In the case at bar the cross petition was not confined "to matters in question in the petition"; but on the contrary the

Kaufman v. Heckman.

cross petition set up matter which was not drawn ''in question in the petition'' and sought affirmative relief against the plaintiff herein, Susan Kaufman, different in nature from that in the petition.

Another case is *Jewett* v. *Feldheiser*, 68 Ohio St. 523 [67 N. E. Rep. 1072], which we think fully supports our holding on this first proposition, which is worthy of careful examination; and on the two authorities above cited, as well as on principle, we think the rights of Susan Kaufman were not barred in the action under which the real estate was sold.

The defendant, however, contends that even if Susan Kaufman's rights were not barred by the original action, still her right of dower can not be assigned to her; but that if she has any remedy, it is simply the right to redeem; in other words, she must pay off the mortgage debt before she can have her dower assigned.

The well-settled doctrine in this state is, that a mortgage is regarded in equity, as a security for the debt, and that the legal title to the mortgaged premises remains in the mortgagor until condition broken, and that after condition broken the legal title vests in the mortgagee. If the mortgagee gets the legal title by condition broken, and then gets the possession by ejectment or some other legal means, he then has the legal title and the possession, which vests an absolute estate in him; but for all that, he holds the legal title and possession as a security for the debt. In the case at bar, the conditions of the mortgage were broken, and by that act the legal title vested in the mortgagee, and the real estate having been sold under the cross petition of the mortgagee, as well as the petition of Aylesworth, the purchaser of the property acquired both the legal title and the right of possession of Thomas Kaufman; but he did not acquire the right of possession of Susan Kaufman by that purchase, because she had no possessory right, at that time, to acquire, and because she was not in court. Her right to possession first sprang into existence by the death of her husband, and since that time her right of possession has in no manner been acquired by the defendant.

We would accept the doctrine of the defendant, that her

Wayne County.

remedy ·is to redeem the property, were it not for the fact that the mortgage debt has been barred by the statute of limitation, and hence there is nothing for her to redeem. The debt, for which her dower was pledged as security, having been eliminated by the statute of limitations, there is no occasion for holding her dower longer. The mortgage lien died with the debt.

Taggart, J., concurs.

Donahue, J., dissents from both propositions.