### No. 587
### PARMELE v. DAEDELOW
Ohio Appeals, Eighth District, Cuyahoga County
No. 4424. Decided May 28, 1923
This opinion has not been published except in Abstract

STATUTE OF FRAUDS—(1) Who must sign memorandum—(2) Need not specially plead statute.

VICKERY, J.

Epitomized Opinion

Action to cancel an opinion and to recover damages for breech of contract. Parmele, for $2,000, gave Daedelow a written option to purchase certain property. Parmele alleged that Daedelow orally agreed to buy all the property. Daedelow's separate action to recover the $2,000 paid for the option, for failure to deliver the part of the property which he agreed to buy, on Parmele's motion, was consolidated with this action. The jury rendered a verdict for Daedlow for $2,000. The court directed a verdict against Parmele on the ground that Daedelow signed no memorandum. Parmele assigned this as error. In affirming the judgment the Court of Appeals held:

1. By the Statute of Frauds no action can be brought on a contract for the sale of realty unless the defendant, the party to be charged, sign a note or memorandum, even though an action may be maintained against the other party who gave a note or memorandum.

2. A general denial is sufficient to raise defense of the Statute of Frauds.

Attorneys—Huggett & Hanna, for Parmele; Calfee, Fogg & White, for Daedelow.

### No. 588
### HOUCK v. KAPLAN
Ohio Appeals, Eighth District, Cuyahoga County
No. 4546. Decided July 2, 1923
This opinion has not been published except in Abstract.

FORECLOSURE—Right of mortgagee to set up claim in foreclosure action after sale of property.

VICKERY, J.

Epitomized Opinion

Appeal from Cuyahoga Common Pleas. Houck sued to foreclose a mortgage against Kaplan, and Feighan Realty Investment Company was made a party defendant, as having a lien on the property. The company failed to file an answer or cross-petition. Judgment was taken by Houck, a decree entered and the property sold without disposing of the company's interest. Lutton bought the property and sold it to Drexmore Realty and Investment Company. Thereafter the Feighan Company filed a cross-petition setting up its lien and asking for a resale of the property. Upon a rehearing the trial court dismissed the cross-petition. From this judgment Feighan Co. appealed. The Court of Appeals held:

1. If the Feighan Company had not been made a party it could file an original petition setting up its claim and have a resale of the property. As the company's mortgage is a lien upon the property it can set up its rights by a cross-petition in the original action or by filing an original petition.

2. If the court had found and adjudicated the lien of the Feighan Company or held that they did not have a lien and were barred, the situation would be otherwise; but the instant case comes under the rule of 68 OS. 523.

Attorneys—Maurer, Bolton, Wilson & McGiffin, for Houck; W. B. Lutton, for Kaplan.

### No. 589
### McINTIRE, EX PARTE
Ohio Appeals, Eighth District, Cuyahoga County
No. 4929. Decided June 18, 1923
This opinion has not been published except in Abstract.

HABEAS CORPUS—(1) Improper sentence by court.

VICKERY, P. J.

Epitomized Opinion

This is an action for habeas corups. McIntire was sued for divorce and alimony by his wife and a decree was entered in her favor. As McIntire failed to pay the alimony he was held liable by Judge Phillips of the Cuyahoga Common Pleas Court for contempt. There was some question as to the jurisdiction of the court, but the Court of Appeals held that McIntire and his counsel had entered their appearance. After the Appeals Court had sustained the holding for contempt, the Common Pleas fined McIntire $500 and sentenced him to jail for ten days. After McIntire had served the ten days he was ordered to pay the fine, and was committed to jail for not doing so. Habeas Corups proceeding were then started in the Court of Appeals. In discharging the accused, the Court of Appeals held:

1. Inasmuch as McIntire had served ten days, any further holding of him was an illegal restraint to his liberty.

### No. 590
### DISTER et al v. McINERNEY et al
Ohio Appeals, Eighth District, Cuyahoga County
No. 4575. Decided July 2, 1923
This opinion has not been published except in Abstract

FRAUDULENT CONVEYANCES—(1) Conveyance of property by husbands to wife, not necessarily fraudulent—(2) Intent to defraud must be shown.

VICKERY, P. J.

Epitomized Opinion

This was an action to set aside a conveyance. Dister and others were creditors of John McInerney and various other members of the same family. John transferred certain real estate to his wife and later the family accumulated certain indebtedness which they were unable to pay. Suit was then brought by creditors claiming that the conveyance was fraudulently made, although the petition did not allege that the property was transferred for the purpose of defrauding subsequent creditors. As the lower court held for the McInerneys, an appeal was taken to the Court of Appeals. In sustaining the lower court, this court held:

1. A voluntary conveyance of land made by a husband to his wife will not be held void as to future creditors on the mere ground that the husband subsequently became insolvent.

2. Such conveyance will be set aside at the suit of a subsequent creditor wholly on proof that it was made with intent on the part of the grantor thereby to defraud subsequent creditor or creditors.