SMITH ET AL. *v.* McKelvey.

(Decided January 23, 1928.)

*Messrs. Miller, Brady & Yager* and *Mr. John W. Bebout,* for plaintiffs in error.

*Mr. William F. Miller* and *Mr. H. Henry Miller,* for defendant in error.

RICHARDS, J.   The plaintiffs in error were plaintiffs in the court of common pleas and brought the action to recover damages by reason of the claimed breach of a covenant in a certain deed executed to them by the defendant, Dolly M. McKelvey, and her husband, Samuel L. McKelvey, now deceased.   The parties submitted the cause to the court without the intervention of a jury, and a judgment was rendered in favor of the defendant dismissing the petition.

The deed contains the following covenant:
"That the title is clear, free and unincumbered and that she will warrant and defend the same against all claims whatsoever."

The consideration named in the deed is $600, but the plaintiffs contend that they have been damaged in the amount of $8,000 by a breach of the covenant above quoted. The petition sets out, among other things, that after purchasing the property the plaintiffs entered into a written contract to convey the same, and that because of the condition of the title they were unable to carry out their contract and by reason thereof suffered damages. This contract was in reality a contract to trade the property for certain other real estate, and it provided that if either of the parties should be unable to furnish an abstract showing their title to be free from material defects, then the contract was to be null and void. It will be noticed that the agreement made by the plaintiffs in their contract to dispose of the property contained an entirely different provision relating to defects in the title from that contained in the covenant in the deed which they accepted. The contract for resale required them to furnish an abstract showing the title to be free from material defects. The title might well be free from material defects and yet the plaintiffs be unable to show that fact by an abstract of the record title, and we think for this reason a breach of such contract would not necessarily be a breach of the covenant in the deed.

The plaintiffs in their petition set out 13 specific alleged defects in the title. Several of those claimed defects are that some of the deeds in the chain of title had no witnesses and others had only one wit-

ness. But the record shows that these deeds were executed and delivered in the state of Indiana, and deeds executed and acknowledged in that state, as these were, are valid and sufficient deeds without there being witnesses.

The main contention of the plaintiffs, however, is that there are three vital defects in the chain of title, the first of which is that the deed executed by George T. Cole and wife on January 21, 1913, conveying the property, contained no words of perpetuity. However, that deed also was executed and delivered in the state of Indiana. It recites that:

"In consideration of one dollar and other valuable considerations, grantors do bargain, convey and warrant to grantees the following real estate in Lucas county, state of Ohio." (Description follows.)

The law of Indiana dispenses with the requirement that a deed of real estate, in order to convey a fee-simple title, shall contain words of perpetuity. It is urged, however, that the law of that state was neither pleaded nor proved; and it is true that it is not pleaded. It should, of course, have been pleaded. Giving the evidence a reasonable construction, the law of Indiana was proved to be as above stated, and, such being the fact, we think substantial justice would not permit a reversal of the judgment based on the ground that the law of that state had not been pleaded. See, on this point, *Brown* v. *National Bank*, 44 Ohio St., 269, 6 N. E., 648.

It is further urged that there is a breach of the covenant contained in the deed in that there was an existing mortgage on the premises at the time of the conveyance amounting to $6,500, and that this mortgage was on record in the recorder's office in Lucas

county. The evidence discloses the existence of the mortgage, but also discloses that a proper release had been executed on the mortgage by the mortgagee on January 1, 1921, showing that the conditions of the mortgage had been complied with and that it was satisfied and discharged. Although this release had not been placed on record at that time, the mortgage, having been released by the mortgagee, was not a valid incumbrance upon the property at the time the deed was executed to the plaintiffs, and therefore was not a breach of the covenant against incumbrances. *Rabel* v. *Downs,* 23 Ohio App., 352, 155 N. E., 403. The decision in the case just cited is based very largely upon the authorities collected in 5 A. L. R., 1084, erroneously cited in that case as 5 A. L. R., 108. The authorities there collected establish the principle that a covenant against incumbrances is not violated by the existence of an apparent encumbrance which is not in fact such. A grantor ought not to be held to have covenanted against the assertion of an unfounded claim to have a lien, unless the language of the covenant shall expressly so read.

Another deed to which objection is made is a warranty deed executed and delivered in Indiana on June 17, 1910, by Solon H. Arms, guardian of Gertrude Arms Whicker, a person of unsound mind. This deed is shown to have been executed by order of the circuit court of Franklin county, Indiana, and purports to convey the undivided inchoate interest and right of dower in the property and all the interest of Gertrude Arms Whicker therein. It is urged with much force that the courts of the state of Indiana had no authority to authorize and empower a

guardian to convey real estate, or, more particularly, an inchoate right of dower, in land situated in Ohio. The rule that one state will not take jurisdiction of an action concerning real estate situated in another state is said to be the necessary result of the independence of distinct sovereignties. 7 Ruling Case Law, 1062. The statutes of Ohio permit an action to be brought in this state for the purpose of obtaining authority for a guardian to make a conveyance, and we hold that the courts of Indiana were powerless to authorize a conveyance of an interest in real estate in Ohio by a guardian of an insane person, but that the action should have been brought in the courts of the state of Ohio. It is undoubtedly true that inchoate dower is not such an interest in land as is subject to a lien, and certain it is that it is unnecessary to make a wife, having inchoate dower, a party defendant in an action to partition the land or to appropriate it for purposes of eminent domain, but this is by virtue of the statute. Nevertheless the contingent right of the wife to dower, during her husband's life, in his real estate, is property having a substantial value. *Mandel* v. *McClave,* 46 Ohio St., 407, 22 N. E., 290, 5 L. R. A., 519, 15 Am. St. Rep., 627. And to the effect that the right of inchoate dower is an interest in real estate of the husband, see *Jewett* v. *Feldheiser,* 68 Ohio St., 523, 67 N. E., 1072.

It is shown by the evidence that the wife has recovered her sanity, and since the commencement of this action has voluntarily executed a deed releasing her inchoate right of dower; but the existence of that right at the time of the conveyance was a violation of the covenant contained in the deed.

For the reasons given, this court is of the opinion

that none of the asserted breaches relied on by the plaintiffs constitutes a valid claim against the defendant for a breach of the covenants contained in the deed, except the one based on the guardian's deed attempted to be authorized by an Indiana court, and we find no prejudicial error in the case, except relating to that claim. The judgment will be reversed and the cause remanded for a new trial on that issue.

*Reversed and remanded.*

WILLIAMS and LLOYD, JJ., concur.