Appropriation — Passage Requirements — Duration Title 68 O.S. 504 [68-504], 68 O.S. 519 [68-519] [68-519] and 68 O.S. 523 [68-523] (1968), constitute an appropriation within the meaning of the Oklahoma Constitution, Article V, Section 55. Payments may not be made pursuant to Sections 68 O.S. 504 [68-504], 68 O.S. 519 [68-519] and 68 O.S. 523 [68-523], supra, after two and one-half years from their passage. Passage of an appropriation act under Article V, Section 55 of the Oklahoma Constitution means approval by the Legislature and Governor or other methods of enacting statutes as provided in the Constitution. The Attorney General has considered your request of January 29, 1968. Your inquiries are, in effect, the following: 1. Do 68 O.S. 504 [68-504], 68 O.S. 519 [68-519] [68-519] and 68 O.S. 523 [68-523] (1967), constitute an appropriation by law within the meaning of Article V, Section 55 Oklahoma Constitution? 2. May payments be made pursuant to Sections 68 O.S. 504 [68-504], 68 O.S. 519 [68-519] and 68 O.S. 523 [68-523], after two and one-half years following the passage without violating Section 55? 3. What does "passage" mean as that term is used in Section 55? Article V, Section 55 Oklahoma Constitution, provides: "No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum." (Emphasis added) 68 O.S. 504 [68-504] (1967), provides in part: "The excise tax of four cents per gallon on gasoline that is levied by Section 502 of this Code and all penalties and interest thereon collected by the Tax Commission under such levy shall be apportioned monthly and used for the following purposes: "(b) Seventy per cent (70%) shall be deposited in the State Depository to the credit of the State Highway Construction and Maintenance Fund and expended for the construction, repair and maintenance of State Highways." Section 68 O.S. 519 [68-519] of Title 68 provides for the apportionment and distribution of an additional one and one-half cent per gallon excise tax levied by Section 516. Section 519 apportions and distributes forty per cent (40%) to the various counties in that proportion of county road mileage each county bears to the entire state road mileage and sixty per cent (60%) is distributed to the counties on the basis of population. Section 68 O.S. 523 [68-523] concerns the levying of an additional one cent per gallon excise tax and the monies collected from this tax are apportioned to the county highway construction funds of the several counties to be used by the County Commissioners of each county to construct permanent bridges, culverts, and for surfacing and resurfacing of school bus routes and mail routes. In Edwards v. Childers, 102 Okl. 158,228 P. 472, there was involved the tax per gallon on gasoline as passed by the 1923 Oklahoma Legislature. House Bill No. 14, Session Laws of 1923-24, Section 3, provided: "One and one-half cents on each gallon of gasoline produced by the said excise tax on gasoline shall be deposited in the state depository to the credit of the `State Highway Construction and Maintenance Fund.' and which shall be expended as provided by law under rules and regulations not inconsistent therewith to be promulgated by the highway department. That the said fund so deposited shall be expended: First, in the repair and maintenance of state highways heretofore or hereafter constructed through the use of state funds with or without federal aid, or the proceeds of county aid or bond issued in connection with state or federal aid; second, in the construction of a primary system of state highways which shall fairly serve all parts of the state and to be designated by the highway department; provided that not less than seventy-five per cent (75%) of the funds going into the state highway construction and maintenance fund, shall be used in the construction of new highways." The Court was asked to determine whether the designation of money for use in highway construction and maintenance was an appropriation under Article V, Section55, Oklahoma Constitution. The Court answering in the affirmative said in Paragraphs two, three, and four of the syllabus the following: "2. No arbitrary form of expression or particular words are required by the Constitution in making an appropriation, which may be made by implication, when the language employed reasonably leads to the belief that such was the intention of the Legislature. "3. A legislative act creating a special fund, all of which is, by the terms of the act, appropriated and directed to be expended for a special purpose and in an entire fund so created, and where the amount accruing to and paid into said fund is capable of being definitely ascertained, it is sufficiently definite and certain to comply with the provisions of Article V, Section 55 of the Constitution. "4. Where a special fund is created from sources not coming from, or out of, the general revenue fund of the state, the authority to the official board or commission to spend said fund for a special purpose may be granted where the authority to disburse said fund or obligate the state is limited to the amount of money that may go into said fund, and such officer is not permitted to incur an indebtedness against the state which may be payable out of, or charged against, the general revenue funds of the state." In answer to your first inquiry, applying the principles announced by the Court in the case of Edwards v. Childers, supra, and comparing the provisions of the 1923 legislation with the Sections 504,519, and 523, it is the opinion of the Attorney General that Sections 504, 519, and 523, constitute an appropriation by law within the meaning of Article V, Section 55, Oklahoma Constitution. In Edwards v. Childers, supra, the Court recognized the problem of the two and one-half year payment limitation found in Section 55 of Article V, but decided that it was not necessary to pass upon that question in order to dispose of the case. The Court said: "It is sufficient to say that it is wholly unnecessary for a determination at this time as to whether or not the appropriation of the funds created by the acts under consideration elapse at the end of 2-1h years from the date of the passage of the act. The question is prematurely presented to the court." In Menefee v. Askew, 25 Okl. 623, 107 P. 159, the court considered certain laws pertaining to the State Game and Fish Warden, his deputies and assistants and their salaries and office expenses. These statutes were measured against Article V, Section 55 Oklahoma Constitution. In Paragraph 3 of the syllabus, the court states: "Sections 9, 10, art. 4, c. 19, p. 303, Sess. Laws 1909, in connection with sections 3, 13, art. 6, c. 19, constitute a valid appropriation as to the salary of the Game and Fish Warden in the sum of $1,800 per annum, and his actual and necessary traveling expenses not to exceed $800 per annum and the salaries of not exceeding eight deputy game and fish wardens each in the sum of $800 per year and their each actual, necessary expenses not to exceed $600 per annum, while actually employed under the direction of the State Game and Fish Warden, as controlled by sections Article V, Section 55 and Article V, Section 56 art. 5, of the Constitution, but continue in effect as an appropriation for two years and one-half only after the passage of said act." In the body of the opinion Mr. Justice Williams, for the Court, said: ". . . Art. 5, Section 55 clearly shows that a continuing appropriation is not permissible under our Constitution. In none of the authorities we have been able to find, where a continuing appropriation was permitted, were such sections as 55 and 56, article 5, supra, contained at the time. citations The result is that such appropriation is effective only for 2 years after the passage of said act by the Legislature." In light of the above the two and one-half year limitation is an implicit part of the appropriations made by Sections 68 O.S. 504 [68-504], 68 O.S. 519 [68-519], and 68 O.S. 523 [68-523]. Therefore, following the expiration of two and one-half years from the date of passage of the appropriation act, no valid disbursement can issue from the funds so appropriated. In answer to your second inquiry, it is the opinion of the Attorney General that no payments may be made pursuant to Sections 68 O.S. 504 [68-504], 68 O.S. 519 [68-519] [68-519], and 68 O.S. 523 [68-523], after two and one-half years following their passage without violating Article V, Section 55 Oklahoma Constitution, and the Oklahoma Tax Commission may not lawfully continue to make payments under said sections. The authorities interpreting the significance of a word such as passage as found in Article V, Section 55 are not in total agreement. See 31A Words and Phrases, p. 7. Therefore, we adopt what we consider to be the most reasonable interpretation in viewing the constitutional provision as a whole. We believe that "a passage of such appropriation act" means in the normal course of events that said act must have approval of both Houses of the Oklahoma Legislature in a constitutional manner signed by the presiding officer of both the House and the Senate followed by the approval of the Governor of the State of Oklahoma. (Such contingencies as veto, etc. are recognized but not considered at this time). It is the opinion of the Attorney General that the term "passage" as used in Article V, Section 55, Oklahoma Constitution, means approval by both Houses of the Oklahoma Legislature in a constitutional manner, signed by the presiding officer of both the Senate and the House followed by approval of the Governor of the State of Oklahoma. (G. T. Blankenship)