The Attorney General is in receipt of your request wherein you ask, in effect, the following question: Does the excise tax levied on gasoline sales, storage and distribution as set out in 68 O.S. 522 [68-522] and 68 O.S. 523 [68-523] (1971) violate any of the constitutional provisions of Article X, Section 13, Article X, Section 14, Article X, Section 15 and Article X, Section 20 ? 68 O.S. 522 [68-522] and 68 O.S. 523 [68-523] (1971) apply to the levying of an additional one cent per gallon excise tax on gasoline sales, storage and distribution with the monies collected by the Oklahoma Tax Commission and the revenues to be apportioned to county highway construction funds to be used by the County Commissioners of each county to construct permanent bridges, culverts, and for surfacing and resurfacing school bus and mail routes. Okla. Const., Article X, Section 12 applies to special forms of taxation and provides in part that: "The Legislature shall have power to provide for the levy and collection of license, franchise, gross revenue, excise, income, collateral and direct inheritance, legacy, and succession taxes; also graduated income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes; also stamp, registration, production or other specific taxes." Okla. Const., Article X, Section13 provides that: "The State may select its subjects of taxation, and levy and collect its revenues independent of the counties, cities and other municipal subdivisions." The levying of taxes is a "legislative function" and not a "judicial function" and the Legislature may choose the department of government or officers to levy, assess and collect taxes and fix the manner by which the evaluation for such tax purposes shall be determined. In Re Thomas' Estate, 192 Okl. 409, 136 P.2d 929 (1943) . Okla. Const., Article X, Section 14 states in part: "Taxes shall be levied and collected by general laws and for public purposes only, except that taxes may be levied when necessary to carry into effect section 31 of the Bill of Rights." Okla. Const., Article X, Section 15 provides that: "The credit of the State shall not be given, pledged or loaned to any individual company, corporation or association, municipality or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donation by gift subscription to stock by tax or otherwise to any company, association or corporation." In the Application of Oklahoma Turnpike Authority, Okl.365 P.2d 345 (1961) the Court stated in paragraphs 6 and 7 of the syllabus that the apportionment of motor fuel excise taxes by the Legislature does not authorize the creation of a debt in violation of Okla. Const., Article X, Section 23 and does not constitute a loan of state credit or the making of a gift or grant, as prohibited by Okla. Const., Art. 10, 15, or an improper use of public funds as prohibited by Okla. Const., Art. 10, 14 or Art. 10, 19. Okla. Const., Article X, Section 20 provides that: "The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes." The courts have held that this section applies to purely municipal affairs and does not constitute a limitation on the power of the Legislature to impose taxes pursuant to Article X, Section 12 of this Article dealing with special forms of taxation, for purposes which, although of a municipal character, are purposes in which a state has a sovereign interest, such as taxation for highways and bridges. City of Ardmore v. Excise Board of Carter County, 155 Okl. 126,8 P.2d 2 (1932); Board of Commissioners of Marshall County v. Shaw, 199 Okl. 66, 182 P.2d 507 (1947). The State of Oklahoma has a sovereign interest in its highways and roads and is authorized to levy, collect and apportion special excise taxes to construct, repair and maintain existing roads. It is, therefore, the official opinion of the Attorney General that Sections 68 O.S. 522 [68-522] and 68 O.S. 523 [68-523] of Title 68 O.S. 1971 which provide for the levying of an excise tax on gasoline sales, storage and distribution, are not violative of Okla. Const., Art. 10,13, 14, 15 and 20. (Victor G. Hill Jr.)