MARIA E. GOLDER vs. CARRIE E. GOLDER.

Androscoggin.    Opinion April 16, 1901.

*Mortgage. Foreclosure. Pleadings. Parties. Evidence. Widow. Heirs. R.
S., c. 82, § 98; c. 90, § 13.    Stat. 1895, c. 157.*

In a writ of entry by a mortgagee to recover possession, for the purpose of
foreclosure for condition broken, of premises mortgaged by a deceased mort-
gagor to secure an obligation given by him conditioned for the mortgagee's
support during life, the administrator of the deceased mortgagor cannot be
made a party defendant.

In such an action against the widow of the deceased mortgagor, in possession
and claiming title, the mortgagee (the plaintiff) is a competent witness in her
own behalf.

Chapter 157, Public Laws of 1895, provides that the real estate of a person
deceased, intestate, shall descend, so far as his widow is concerned, as fol-
lows : "If he leaves a widow and issue, one-third to the widow, if no issue,
one-half to the widow," does not constitute the widow an heir of her
deceased husband.    Since the passage of that act, as before, she takes as
widow and not as heir.

Exceptions by defendant.    Overruled.

Real action to foreclose a mortgage.    The tenant in possession
is the widow of the mortgagor and claimed that the action should
be against the administrator of the mortgagor.

The case appears in the opinion.

*E. M. Briggs*, for plaintiff.

*D. J. McGillicuddy and E. J. Morey*, for defendant.

SITTING :   WISWELL, C. J., WHITEHOUSE, STROUT, FOGLER,
POWERS, JJ.

FOGLER, J.   Writ of entry to recover possession of a certain
parcel of real estate described in the declaration, formerly the
homestead farm of the demandant's husband, now deceased.

The verdict was for the demandant and the defendant brings the
case here upon exceptions to the rulings of the presiding justice.
The demandant is the mother and the defendant is the widow of

Edgar J. Golder, who died May 15, 1899.    The writ is dated Jan. 2, 1900.

April 28, 1886, Edgar J. Golder executed and delivered to his mother, the demandant, an obligation binding himself to well and suitably support her on said homestead farm during her natural life in acccordance with certain stipulations therein contained, and also on the same day, executed and delivered to her a mortgage deed of the premises demanded in this suit, as security for the performance of said obligation.

At the date of the writ the defendant was in possession of the demanded premises.    The demandant claimed and the jury found by the verdict, that there was a breach of the condition in the mortgage and brought this suit to obtain possession of the mortgaged premises.    The defendant pleaded the general issue, and also set up by brief statement certain matters of special defense.

The demandant offered in evidence the mortgage and bond. The admissibility of each was seasonably objected to.    The grounds of such objection, as stated by the exceptions, are, that for any breach of the bond before or after the death of Edgar J. Golder the action should be against his administrator; and further, that, inasmuch as the bond and mortgage were the personal contracts of Edgar J. Golder, and inasmuch as there can be no foreclosure of the mortgage without a breach of the bond, the suit should be against the administrator.

The presiding justice overruled the objection and admitted the testimony, and the defendant excepts.

If this were an action upon the bond to recover damages for its breach, the administrator would be the proper party defendant; but this is a suit by a mortgagee to obtain possession of the mortgaged premises for breach of condition.

The mortgagor's administrator is not in possession of, nor has he any title to or interest in the demanded premises.    No action for possession is maintainable against him.    On the other hand, the defendant by her plea admits that she holds possession claiming title.    It is a question of title.    Section 13, ch. 90, R. S., provides that, "an action on a mortgage deed may be brought against a

person in possession of the mortgaged premises." The action is therefore properly brought against the defendant, and the mortgage and bond are clearly admissible on the question of title.

The demandant offered herself as a witness in her behalf on the question of breach of the bond and mortgage. The defendant's counsel seasonably objected to the competency of the demandant to testify as to any facts occurring before the death of Edgar J. Golder, the obligor and mortgagor, on the ground that the defendant is an heir of her deceased husband and party defendant to the suit. The presiding justice overruled the objection and permitted the demandant to testify to facts occurring as well before as after the death of the defendant's husband, to which ruling the defendant excepts.

This exception must be overruled upon two grounds, namely:

First: A widow is not an heir of her deceased husband. This was so held in *Lord* v. *Bourne*, 63 Maine, 368, in which the question is quite thoroughly discussed; and in the later cases of *Clark* v. *Hilton*, 75 Maine, 426, and *Buck* v. *Paine*, Id. 582; *Keniston* v. *Adams*, 80 Maine, 294.

In *Clark* v. *Hilton*, supra, it is said, "husband and wife, though they may be entitled under our statutes to certain interests in the estate of each other, are not, properly speaking, heirs of each other. The rights which the statutes give them, respectively, they do not take as heirs."

The defense contends that by the terms of Public Laws, 1895, ch. 157, passed since the decisions were made in the cases above cited, a wife is made an heir of her deceased husband. Prior to the passage of the act above referred to a widow took a life estate in one-third, or one-half in case of no issue, in the real estate of her deceased husband. The act of 1895 provides that the real estate of a person deceased intestate shall descend, so far as his widow is concerned, according to the following rule:

"If he leaves a widow and issue, one-third to the widow. If no issue, one-half to the widow. And if no kindred the whole to the widow."

The statute does not change the status of the widow with reference to her deceased husband's estate. It enlarges her interest by giving her an estate in fee instead of an estate for life. She still takes not as heir, but as widow.

Secondly: Even if the defendant could be regarded as an heir of her deceased husband, the demandant would not be precluded from testifying. The statutes of this state permitting a party to testify, "do not apply except in certain instances, to cases where, at the time of taking testimony, or at the time of the trial, the party prosecuting or the party defending, or any one of them, is an executor or an administrator, or is made a party as heir of a deceased party." R. S., ch. 82, § 98.

The defendant here is not an executor or administrator nor is she "made a party as heir of her deceased husband." The action is against her personally. The issue is between her in her individual capacity and the demandant.

That the testimony of the demandant was admissible is well settled by this court. *Wentworth* v. *Wentworth*, 71 Maine, 72; *Goulding* v. *Horbury*, 85 Maine, 236.

*Exceptions overruled.*