CHARLES CLASS and JULIUS NECHOD

*v.*

HELENA G. STRACK.

[Submitted October 13th, 1915. Determined November 20th, 1915.]

1. *P. L. 1915 p. 61*, approved March 3d, 1915, taking effect July 4th of that year, section 7, providing that the estates and interests of dower and the rights of dower and curtesy are abolished, but that nothing in the act shall affect any of such estates or interests which may have become vested, was intended to exempt from the operation of the act all dower rights or interests which existed prior to the time of its taking effect, whether such dower rights or interests were inchoate or consummate, since "estates or interests," when used as descriptive of dower rights, clearly comprehend an inchoate right of dower, while the "inchoate right of dower," being a present and fixed interest in land of ascertainable money value which accrues to a wife the moment her husband becomes seized of an estate of inheritance in land, is "vested" within the

statute, since the word does not exclude defeasible estates, being used to denote the quality of a present estate, though defeasible, as distinguished from that the very existence of which is contingent.

2. Where the bill of mortgagees, who had foreclosed, to quiet title against the wife of the mortgagor, alleged as a fact that the decree in the foreclosure suit cutting off her rights was erroneous by reason of the mortgagees' own false averments in the bill in the foreclosure suit as to the wife's marriage being subsequent to the execution of the mortgage, of which she had no adequate notice by reason of a subpœna ticket served on her, the mortgagees could have no equitable relief, by reason of the decree in the foreclosure suit, under the averments of their bill to quiet title.

On bill to quiet title. Hearing on motion to test sufficiency of bill.

The right asserted by complainants herein is primarily based on the provisions of an act of our legislature which was approved March 3d, 1915, and which took effect July 4th, 1915 (*P. L. 1915 p. 61*), which act, among other things, abolishes the estates of dower and curtesy, respectively, and substitutes therefor life estates in one-third of the real estate of which a husband or wife should die seized without devising the same.

The bill asserts that complainants' possession and title to the premises in question were acquired May 14th, 1915, under a decree of sale made in the foreclosure of a mortgage, which mortgage was executed by the husband of defendant on land of which he was then seized of an estate of inheritance; at the time of the execution of the mortgage defendant was the wife of the mortgagor but did not join in its execution; the husband (mortgagor) is still alive, and defendant, as his wife, now claims an inchoate right of dower in the land. A decree is sought quieting complainants' title as against the claim of defendant. The bill also asserts that defendant's claim of an inchoate right of dower is barred by the foreclosure decree.

Defendant has moved to strike out the bill upon the grounds— *first,* that the act of March 3d, 1915, did not by its terms include a right of dower, either inchoate or consummate, which existed at the time the act took effect; *second,* that the act is unconstitutional; *third,* that the bill is without equity.

*Mr. Harrison H. Voorhees,* for the complainants.

*Mr. Joseph B. Tyler,* for the defendant.

LEAMING, V. C.

The averments of the bill fully disclose that prior to the time when the act of March 3d, 1915, took effect defendant enjoyed an inchoate right of dower in the premises in question; she necessarily enjoys that right at this time if the act exempts from its operation inchoate rights of dower which existed as such when the act took effect.

The seventh section of the act provides as follows: "The estates and interests of dower, and right of dower and curtesy be and the same are abolished hereby; provided, however, that nothing in this act shall affect any of such estates or interests which may have become vested heretofore."

I am satisfied that by the proviso above quoted the legislature intended to exempt from the operation of the act all dower rights or interests which existed prior to the time the act took effect, whether such dower rights or interests were either inchoate or consummate.

Had the proviso by its terms included only estates which had become vested it could appropriately be doubted whether an inchoate right of dower could be regarded as within its contemplation, as dower inchoate may be properly classified as an interest which is less than an estate in land; but the language "estates or interests," when used as descriptive of dower rights, clearly comprehends an inchoate right of dower unless a contrary intent in some way is made apparent. *Anderson's Law Dictionary,* citing *Abbott's Law Dictionary,* in defining the word "interest," says:

"The chief use of the word is to distinguish some right which cannot or need not be defined with precision. In some connections it includes title; in others advantages less than title. Sometimes it is added to words of a more definite meaning by way of precaution that no conceivable claim shall be omitted; sometimes it signifies an undefined share."

21

But it is urged that the qualifying word "vested" is operative to exclude an inchoate right of dower from the operation of the proviso. I am unable to attribute that force to the word in the manner and connection in which it is used in the proviso here in question.

In some jurisdictions an inchoate right of dower is regarded as a mere possibility of future interest which is without present ascertainable value. But in this state the inchoate right has long been recognized by our courts as a present and fixed interest in land of substantial and ascertainable money value, and the legislation here in question must accordingly be understood in the light of that recognized quality of the interest. Regarding the legislative conception of the inchoate right as a present and fixed interest in land of ascertainable money value which accrues to a wife the moment her husband becomes seized of an estate of inheritance in land, the exclusion by the terms of the act of dower "estates or interests" which have become "vested" before the act takes effect can only be properly understood as including the inchoate right here in question. The word "vested," even when used as descriptive of recognized legal estates, does not exclude defeasible estates. It is used to denote the quality of a present estate, even though defeasible, as distinguished from that the very existence of which is contingent. A devise of land is vested when the devisee is existing and known and would be immediately entitled to possession or enjoyment were the precedent estate to terminate, although it is possible that before the time comes to receive it another person may come into being who will take in preference to the devisee. In a like sense may an inchoate right of dower which is recognized by the laws of the state as a present interest in land of substantial and ascertainable value be regarded as a vested interest, notwithstanding the circumstance that it has not ripened into a consummate freehold estate, and is also subject to being divested by death of the wife in the lifetime of her husband.

The recognition of this quality of an inchoate right of dower is found in repeated decisions of the courts of this state. In *Wheeler* v. *Kirtland, 27 N. J. Eq. 534,* our court of errors and appeals expressly bases its decision upon the conclusion that

inchoate dower is a present valuable interest in.land, and that its value is ascertainable and must be paid to a wife out of the money awarded as damages to the land in proceedings instituted by a municipality for the condemnation of the land for public use. A like conception of inchoate dower is made the basis of decision in *In re Alexander, 53 N. J. Eq. 96,* in which case it is declared that the legislature cannot destroy the inchoate right of dower without compensation to the wife. See, also, *Brown* v. *Brown, 82 N. J. Eq. 40; Lloyd* v. *Conover, 25 N. J. Law 47, 52,* in which case Chief-Justice Green characterizes the right of inchoate dower as "vested." *Vreeland* v. *Jacobus, 19 N. J. Eq. 231; Conover* v. *Tindall, 20 N. J. Law 513, 515; Lousbery* v. *Locander, 25 N. J. Eq. 554, 557.*

This view renders it unnecessary to consider the objection that the title to the act here in question is inadequate to satisfy the requirements of our constitution.

The bill filed herein also sets forth that at the time the mortgage was executed, under decree of foreclosure of which complainants herein hold, the mortgagor falsely represented to complainants herein, who were mortgagees, that he was a widower, and at the time the mortgage was foreclosed the mortgagees, complainants herein, believed that defendant herein had married the mortgagor subsequent to the execution of the mortgage, and that the foreclosure bill accordingly made defendant herein a party defendant and averred that her marriage was subsequent to the execution of the mortgage, and that the subpœna served on defendant herein in the foreclosure suit was accompanied by a ticket which informed her that she was made defendant because she was the wife of the mortgagor, the owner of the mortgaged premises, and by reason thereof claimed a right of dower; and that she did not appear or defend the foreclosure. It is accordingly now urged that the decree in foreclosure was operative to bar her rights. It thus appears by the present bill that the subpœna ticket which was served on defendant herein in the foreclosure suit informed her that she was made defendant because she was the wife of the mortgagor and by reason thereof claimed a right of dower in the mortgaged premises. The present bill also asserts as a fact that she was the wife of the mortgagor at

the time the mortgage was executed.  Complainants thus seek to now bar defendant's rights by reason of a foreclosure decree based on an averment which was contained in their foreclosure bill, which averment they now assert to have been false in fact, and of which averment the subpœna ticket served on defendant gave no adequate notice.  The question presently presented does not therefore involve a consideration of the effect of that decree either standing alone or in connection with an application by defendant for relief against it, but, on the contrary, involves the right of complainants, as against defendant, to the benefits of that decree in this suit in which their own bill sets forth as a fact that the decree was erroneous as to the rights of defendant by reason of their own false averments in the bill under which the decree was entered.  It is entirely clear that no equitable relief can be extended to complainants by reason of that decree under the averments of the present bill.

I will advise a decree dismissing the bill.