## TALCOTT v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
January 30, 1928.

Rehearing Denied March 5, 1928.

No. 5144.

1. Courts ⏱383(1)—Supreme Court's denial of certiorari was not equivalent to affirmance of judgment.

The denial of writ of certiorari by the Supreme Court was not equivalent to an affirmance of the judgment sought to be thereby reviewed.

2. Courts ⏱367(1)—Decision of California Supreme Court as to nature of wife's interest in community property is binding on federal courts.

Decision of the Supreme Court of California that the interest of the wife in community property in that state is a much more definite and present interest than that of an ordinary heir, but not a vested interest, is binding on federal courts.

3. Internal revenue ⏱8(8)—Under California law, wife's interest in community property is subject to federal estate tax on husband's death (Civ. Code Cal. § 1402; California Inheritance Act of 1917; Revenue Act 1918, § 402 [b] [d], being Comp. St. § 6336¾c).

Under Civ. Code Cal. § 1402, providing that on death of husband one-half of community property goes to surviving wife, and California Inheritance Act of 1917 (St. Cal. 1917, p. 880), relieving wife's estate from burden of state inheritance tax on portion of community property passing to her on husband's death, as construed by the courts of California, a wife has not such vested interest in the community property as to prevent its being subject to taxation under the federal estate tax (Revenue Act 1918, § 402 [b] [d], being Comp. St. § 6336¾c), on husband's death.

4. Internal revenue ⏱28(2)—Statutory limitation for collection of taxes is not applicable to government's counterclaim to recover estate tax refunded through mistake or illegally (Revenue Act 1926, § 1109[a], being 26 USCA § 105; Revenue Act 1918 [Comp. St. §§ 6371¼a, 6336⅛a, et seq.]).

Five-year limitation of Revenue Act 1926, § 1109 (a), being 26 USCA § 105), providing that all revenue taxes with certain exceptions shall be assessed within four years after they become due and no proceedings in court without assessment for collection of such taxes shall be begun after expiration of five years after such taxes become due, was not applicable to government's counterclaim to recover moneys illegally and by mistake paid by an officer of the United States in refunding estate taxes, interposed by government in taxpayer's action for refund of estate taxes paid under Revenue Act 1918 (Comp. St. §§ 6371¼a, 6336⅛a, et seq.).

5. Internal revenue ⏱36—All tax refunds illegally made by public officer are recoverable by government.

It is immaterial whether tax refunds sought to be recovered by the government were made under mistake of law or mistake of fact, but the only question is whether they were paid without

23 F.(2d)—57

legal authority or legal liability therefor and the repayment to a taxpayer of a sum paid for taxes is not a final determination of his right to receive it, but the government may recover as for money had and received all payments illegally paid by a public officer, and decisions of executive officers in making such payments are not judicial and are not binding on court.

In Error to the District Court of the United States for the Southern Division of Northern District of California; George M. Bourquin, Judge.

Action by Cynthia R. Talcott, executrix of the will of Jonathan R. Talcott, deceased, against the United States. Judgment for defendant (21 F.[2d] 493), and plaintiff brings error. Affirmed.

The plaintiff, as executrix of the estate of her deceased husband, brought an action against the United States under the authority of the Tucker Act (24 Stat. 505) to recover $5,927.96, which had been paid as an estate tax upon the estate of Jonathan R. Talcott, who died December 8, 1919. The case was tried upon the following agreed statement of facts: Jonathan R. Talcott, a resident of the state of California, died testate. He and the plaintiff were married in 1869, and from the year 1878 until his death they lived together continuously as husband and wife and were residents of and domiciled in the state of California, and all of the property of the decedent was acquired by him in that state while he and his wife were living together, and all of the property of which he died possessed was community property of himself and his wife under the laws of the state of California. On September 20, 1920, the plaintiff as executrix made a return to the collector of internal revenue for the estate tax on the estate of her deceased husband, including therein the entire value of the community property as subject to a tax in the sum of $8,446.87, and on November 23, 1920, paid that sum to the collector at San Francisco. The Commissioner of Internal Revenue increased the values stated in the return and imposed an additional tax in the sum of $1,103.50, which sum the plaintiff paid on July 27, 1922. On March 3, 1925, the plaintiff filed with the Commissioner of Internal Revenue her verified claim for a refund of a portion of the taxes so paid, upon the ground that only one-half of the community property was subject to the imposition of an estate tax. On September 9, 1925, the Commissioner allowed the application to the extent of the $1,103.50 last paid, and on March 17, 1926, repaid the same to her with interest, but he denied the

application as to the remainder. At the time when the plaintiff filed her return, and at the time when she paid taxes thereupon, there was in effect a treasury decision requiring the inclusion for estate tax purposes of the entire value of the property of a deceased husband and a surviving wife, where both were domiciled in California. On January 27, 1925, a contrary ruling was promulgated, by the terms of which only one-half of the value of the community property of a deceased husband and his surviving wife domiciled in California was made subject to the imposition of the tax.

In passing upon the plaintiff's said application for a refund, the Commissioner denied it as to all except the $1,103.50 payment, on the ground that under section 3228 (a) of the Revised Statutes (26 USCA § 157; Comp. St. § 5951) the claim for the remainder was barred for the reason that it was paid more than four years prior to the application. Thereafter on July 7, 1926, a new treasury decision was promulgated as to community property in California to the effect that the entire value of the community property of a deceased husband was subject to the federal estate tax. Said ruling was promulgated after the plaintiff had commenced the present action, but prior to the filing of the answer, and the defendant took issue upon the plaintiff's claim for judgment, both on the ground that the estate tax was properly based upon the entire value of the community property, and on the ground that the demand was barred by the limitation provision in section 3228(a) of the Revised Statutes. Thereafter the defendant filed an amended answer setting up a counterclaim for the recovery from the plaintiff of the $1,103.50 and interest thereon, upon the ground that the refund of that sum to the plaintiff was caused by the mistake of the Commissioner in believing that one-half of the community property was free from the imposition of the federal estate tax. The plaintiff's motion to strike the counterclaim from the files on the ground that it was barred by the statute of limitations was overruled. Upon the issues, the court found for the defendant and awarded judgment against the plaintiff for the sum so pleaded as a counterclaim.

Goldman & Altman, of San Francisco, Cal., and McClymonds & Wells, of Oakland, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal. (C. M. Charest, General Counsel, and F. W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Robert T. Devlin, William H. Devlin, and Devlin & Devlin, all of Sacramento, Cal., and Edward J. McCutchen, Warren Olney, Jr., J. M. Mannon, Jr., Perry Evans, Carey Van Fleet, and Morrison, Hohfeld, Foerster, Shuman & Clark, all of San Francisco, Cal., amici curiæ.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The main question here presented is whether, under the Revenue Act of 1918 (Comp. St. §§ 6371¼a, 6336⅛a, et seq.) the one-half interest of the surviving wife in the community property of her deceased husband and herself, where both were domiciled in California, is subject to the federal estate tax. That question was before this court in Wardell v. Blum (C. C. A.) 276 F. 226, and it was there held that the one-half interest of a wife in the community property which on the death of her husband she held under the laws of California was not subject to the tax. A petition to the Supreme Court for certiorari was denied. 258 U. S. 617, 42 S. Ct. 371, 66 L. Ed. 793. In the present case the court below was of the opinion that the decision in Wardell v. Blum was impliedly overruled by the decision in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 184, 70 L. Ed. 285, and its foundation was overturned in Stewart v. Stewart, 199 Cal. 318, 249 P. 197. The first of those cases arose, not under the estate tax provision of the Federal Revenue Act, but under the provision which imposes an income tax. We turn first to that case to ascertain what was the purport and scope of the decision so far as it affects the questions here involved. In the opinion in that case no reference was made to our decision in Wardell v. Blum, although it was brought to the court's attention by the briefs of both the parties. Nor did the court define the nature of the wife's estate in the community property further than to advert to the decisions of the Supreme Court of California and observe that the settled opinion, "at least with reference to the time before the later statutes," was "that the wife had a mere expectancy while living with her husband." Decision was not based, however, upon that view of the wife's estate, and in the syllabus it is recited that the ruling was made "without deciding whether the wife's interest is

'a mere expectancy,' or something more." The court took the view that, even if it was "wrong as to the law of California," the income of the community property was subject as a whole to an income tax which was properly assessable against the husband. This was held in view of the husband's power over the community property and his right to the disposition of the same and the income therefrom, and the fact that the property, while liable for the payment of his debts, was not liable for those of his wife, under section 167 of the Civil Code of California. In other words, the substance of the decision is that the taxation of the income of community property under the Revenue Act does not depend upon the title to the property from which it is derived but upon the ownership and power of the husband over it and his right to dispose of the same, restricted only by a prohibition against gifts without his wife's consent, as defined in the decisions of the courts of California. From that view of the nature of the husband's right to the income the conclusion necessarily followed that the wife who receives no income is not taxable for income and would have no property out of which to pay an income tax. The denial of the writ of certiorari in Wardell v. Blum was not equivalent to an affirmance of the judgment. Hamilton-Brown Shoe Co. v. Wolf Bros., 240 U. S. 251, 258, 36 S. Ct. 269, 60 L. Ed. 629.

In Stewart v. Stewart the Supreme Court of California, upon an exhaustive review of its own prior decisions and the statutes concerning the rights of husband and wife in community property in that state, said: "We wish to say in conclusion that we are in accord with the intimations from time to time reflected by this court in the long line of its past decisions to the effect that the interest of the wife in the property of the community during the continuance of the marriage relation, while it has not yet reached the status of a vested interest therein, is and has always been from a time reaching back into the" time of the "Spanish and Mexican originals of our community property laws, a much more definite and present interest than is that of an ordinary heir. She has, by virtue of the share which in her own sphere she has contributed toward the acquisition and conservation of such properties, rights therein which have been always safeguarded against the fraudulent or inconsiderate acts of her husband with relation thereto and for the assertion and safeguarding of which she has been given access to appropriate judicial remedies, both before and after the time when her said rights and interests would ripen and become vested through the death of the husband or other severance of the marriage relation, whenever such rights and ultimate interests were affected by or threatened with such forms of invasion." In the course of the opinion, the court said that the decision in Roberts v. Wehmeyer, 191 Cal. 601, 614, 218 P. 22, "correctly disposes" of the case of Wardell v. Blum.

In Roberts v. Wehmeyer, the court had expressed its agreement with the decision in Wardell v. Blum, so far as it was based on "an interpretation of the Inheritance Tax Act of 1917 [St. 1917, p. 880], to the effect that the part of the community property passing to the wife should not be subject to such tax," but went on to say that, "in so far as it relies on Arnett v. Reade, supra, as indicating that a wife has at all times had an interest or estate in the community property, we are constrained to disagree with it." In brief, the court in the Stewart Case approved the decision of this court in Wardell v. Blum only so far as it dealt with the state inheritance tax law of California of 1917. It disagreed with it so far as it placed reliance upon Arnett v. Reade, 220 U. S. 311, 320, 31 S. Ct. 425, 55 L. Ed. 477, as authority for the proposition that a wife has at all times had an interest or estate in the community property, a decision which was based upon the law of New Mexico.

[2] The construction placed upon community property rights in California, together with the approval of Wardell v. Blum, as thus expressed in the Stewart Case, involves two propositions: First, that the interest of the wife in the community property in that state is "a much more definite and present interest than that of an ordinary heir," but yet not a vested interest; and second, that such an estate is not, in the opinion of that court, subject to the state inheritance tax. The decision as to the first proposition is binding upon us. As to the second, it is not material to the present discussion.

[3] We have therefore to inquire whether the interest in the community property so defined is upon the death of the husband taxable within the terms of the Revenue Act of 1918. That act imposes a tax "upon the transfer of the net estate of every decedent." Section 402 (Comp. St. § 6336¾c) provides that the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all his property, real or personal, tangible or intangible. Section 402(b) provides: "To the ex-

tent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, courtesy, or by virtue of a statute creating an estate in lieu of dower or courtesy." Section 402(d) makes a distinction in favor of joint tenants and tenants by the entirety and relieves from the tax such portion of the property as may be shown to have originally belonged to the survivor and never to have belonged to the decedent. Was there in this case a transfer of an estate to the surviving wife and was her interest in the community property an estate in lieu of dower? As to the latter question it was said in Beard v. Knox, 5 Cal. 252, 256, 63 Am. Dec. 125, "Our statute has done away with the common law of right of dower, and substituted in place a half interest in the common property." That decision does not have the effect so to define the interest of the wife in the community property that it necessarily is subject to an estate tax under section 402(b), provided it can be ascertained that the interest so substituted for dower is of such greater present interest in the estate than a dower right would be, that upon the death of the husband it is not transferred to the wife. The ground on which in the Stewart Case it was found that the interest of the wife in the community property was a much more definite and present interest than that of an ordinary heir seems to have been the fact that she contributed toward the acquisition and conservation of it, and that by access to the courts during coverture her right to safeguard her interest against the fraudulent or inconsiderate acts of her husband had been recognized. But the fact that the wife contributed to the acquisition and conservation of the community property and during coverture is given access to the courts for the protection of her interest, does not in itself materially distinguish her interest from an inchoate right of dower, for it is generally held that, while the inchoate right of dower is contingent, it is nevertheless a subsisting, separate, and distinct interest (Class v. Strack, 85 N. J. Eq. 319, 96 A. 405; Jewett v. Feldheiser, 68 Ohio St. 523, 67 N. E. 1072), and that the estate of the tenant in dower does not descend to her, but that she takes by purchase and her seisin is deemed a continuance of the seisin of her husband (16 C. J. 493, 593; Powell v. Monson & Brimfield Mfg. Co., 3 Mason, 347, Fed. Cas. No. 11356; Golder v. Golder, 95 Me. 259, 49 A. 1050; Reese v. Stires, 87 N. J. Eq. 32, 103 A. 679; Barton v. Wilson, 116 Ark. 400, 172 S. W. 1032), and that during coverture she may maintain a separate ac-

tion for its protection (9 R. C. L. 531; Buzick v. Buzick, 44 Iowa, 259, 24 Am. Rep. 740; Petty v. Petty, 4 B. Mon. [Ky.] 215, 49 Am. Dec. 501; Brown v. Brown, 82 N. J. Eq. 40, 88 A. 186; Fitcher v. Griffiths, 216 Mass. 174, 103 N. E. 471).

Section 1402 of the Civil Code of California provides: "Upon the death of the husband, one half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition, goes to his descendants." The interest of the surviving wife is there placed in the same category with the interest of the heirs and the use of the word "goes" would seem to contemplate a transfer, both as to the wife and as to the heirs. In Estate of Moffitt, 153 Cal. 359, 95 P. 653, 1025, 20 L. R. A. (N. S.) 207, a case which arose under the California inheritance tax statute of 1905 (St. 1905, p. 341) which provided that "all property which shall pass, by will or by the intestate laws of this state, from any person who may die seized or possessed of the same * * * shall be and is subject to a tax hereinafter provided for," the question presented was whether the surviving wife's share of the community property was subject to the tax. In answering it, the court quoted with approval the following from Packard v. Arellanes, 17 Cal. 525: "So long as the community exists, her interest is a mere expectancy, and possesses none of the attributes of an estate, either at law, or in equity"—and held that the community interest of the wife was subject to the provisions of said inheritance tax law. And in the Stewart Case the court, referring to the act of 1905 as interpreted in the Estate of Moffitt, and to the amendment of the act in the year 1917, which provided that for the purpose of the act "the one-half of the community property which goes to the surviving wife * * * shall not be deemed to pass to her as heir to her husband, but shall, for the purpose of this act, be deemed to go, pass, or be transferred to her for valuable and adequate consideration and her said one-half of the community [property] shall not be subject to the provisions of this act," said that it was not the purpose of the act of 1917 to change the otherwise general and long-established rule of property except in its application to the particular and limited purpose of said inheritance tax law. Said the court: "All that the Legislature by these amendments did do or attempt to do was to cast about the interest of the wife in both the real and personal property of the com-

munity during the continued existence of the marriage relation added safeguards and protection against the fraudulent or inconsiderate acts of the husband in the exercise of his control and dominion over these properties of the nature of those already provided for in earlier statutes and especially in and by the 1891 amendment [St. 1891, p. 425] to section 172 of the Civil Code. * * * We are therefore clearly of the opinion that the amendments to the Civil Code, adopted in 1917 [St. 1917, p. 829] did not operate to change such rule to the extent of creating in the wife a present vested interest in the property of the community during the continuance of the marriage relation."

In brief, the status of the wife's interest in community property, as defined in Re Estate of Moffitt, remains the law of California, and is unaffected by the fact that in 1917, by an act of the Legislature, the wife's estate on the death of her husband was relieved from the burden of the state inheritance tax. We see no escape from the conclusion that the interest of the surviving wife, as it is finally determined by the Supreme Court of California, is of a nature that renders it subject to taxation under the plain terms of the Federal Revenue Act.

[4, 5] It is contended that recovery upon the defendant's counterclaim is barred by the statute of limitations, and reference is made to the Revenue Act of 1926, which provides (44 Stat. 114 [26 USCA § 105]) that all revenue taxes, with certain exceptions, shall be assessed within four years after such taxes become due "and no proceedings in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes become due." But here the counterclaim is not a proceeding for the collection of taxes. It is a demand for the repayment to the government of moneys which had been illegally and by mistake paid by an officer of the United States.

In United States v. Nashville & C. Ry. Co., 118 U. S. 120, 125, 6 S. Ct. 1006, 1008 (30 L. Ed. 81), the court said: "It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided—that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless Congress has clearly manifested its intention that they should be so bound."

In Wisconsin Central R. Co. v. United States, 164 U. S. 190, 210, 17 S. Ct. 45, 51 (41 L. Ed. 399), it was said: "The question is not presented as between the government and its officer, or between the officer and the recipient of such payments, but as between the government and the recipient, and is then a question whether the latter can be allowed to retain the fruits of actions not authorized by law, resulting from an erroneous conclusion by the agent of the government as to the legal effect of the particular statutory law under or in reference to which he is proceeding."

Among other cases in line with the foregoing are Grand Trunk Western Ry. Co. v. United States, 252 U. S. 112, 40 S. Ct. 309, 64 L. Ed. 484, and Sutton v. United States, 256 U. S. 575, 41 S. Ct. 563, 65 L. Ed. 1099, 19 A. L. R. 403. They establish the principle that it is immaterial whether payments which are thus sought to be recovered were made under mistake of law or mistake of fact, that the only question is whether they were paid without legal authority or legal liability therefor, and that the repayment to a taxpayer of a sum paid for taxes is not a final determination of his right to receive the same, that the government may recover as for money had and received all payments illegally paid by a public officer, and that the decisions of executive officers in making such payments are not judicial and are not binding on a court. United States v. Burchard, 125 U. S. 176, 8 S. Ct. 832, 31 L. Ed. 662.

The judgment is affirmed.